\IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| VINCENT MICHAEL MARINO, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. 1:20-cv-86-SPB-RAL |
| | ) | |
| WARDEN TRATE, | ) | |
| | ) | |
| Respondent. [1] | ) | |

## MEMORANDUM ORDER

In the above-captioned case, Petitioner Vincent Michael Marino ("Marino"), a former inmate at FCI-McKean, seeks a writ of habeas corpus under 28 U.S.C. §2241 through a petition directed at "Warden Trate," the Warden of FCI-McKean. ECF No. 1. The matter has been referred to United States Magistrate Judge Richard A. Lanzillo for a Report and Recommendation ("R&R"), in accordance with the Magistrate Judges Act, 28 U.S.C. §636(b)(1), and the Local Rules for Magistrate Judges.

Marino is currently an inmate at FCI Allenwood Medium serving a prison sentence for federal racketeering offenses. He was convicted in 1999 of participating in a pattern of racketeering activity in violation of RICO, 18 U.S.C. §1962(c) (Count One); conspiring to participate in a pattern of racketeering activity in violation of 18 U.S.C. §1962(d) (Count Two); and conspiring to murder thirteen named individuals in aid of racketeering in violation of 18 U.S.C. §1959 (Count Three). For these crimes, the United States District Court for the District of Massachusetts sentenced Marino to a cumulative term of 35 years' imprisonment.

---

[1] Although the docket reflects two "Respondents" – i.e., "Warden Trate" and "FCI McKean, PA," the latter entity has no independent legal existence. As a result, Warden Trate was the only appropriate "Respondent" at the time Marino filed the instant petition.

In his §2241 petition, Marino claims that his racketeering convictions at Count One and Two of his indictment were unlawful because the government dismissed a cocaine trafficking charge against him with prejudice "after Marino's jury was sworn in & empaneled."  ECF No. 4 at 1. Marino intimates that, because the cocaine charges were dismissed at trial, the jury should have been precluded from finding that those crimes served as a predicate act for his racketeering convictions.  *Id*. at 1-2.  To that end, Marino invokes both the Double Jeopardy Clause and the Due Process Clause.  *Id*. at 2.  Assuming that his convictions on the first two counts are invalid, Marino contends that the associated sentence of thirty years' imprisonment should also be vacated and, as a result, he has been serving time well beyond his legitimate sentence.

Respondent answered Marino's petition on November 30, 2020.  ECF No. 16. Thereafter, Marino filed a Motion to Compel Response, ECF No. 17, correspondence to the Court, ECF No. 19, and a Notice to the Court, the Clerk, and Respondents that he has a separate §2241 petition proceeding before this Court at Case No. 1:19-cv-299 ("2019 Action").  ECF No. 18.[2]  These various filings were apparently motivated by Marino's belief that Warden Trate had mistakenly responded in this case to the claims asserted in the 2019 Action, rather than the claims asserted in the instant petition.

---

[2] As characterized by Marino, his 2019 Action involves a petition for habeas corpus relief relative to a "drug issue," while the instant civil action involves a petition for habeas corpus relief based upon a "*Davis*" claim. *See United States v. Davis*, 139 S. Ct. 2319 (2019) (holding that 18 U.S.C. § 924(c)(3)(b) is unconstitutionally vague).  *See also* ECF No. 18.  The Court finds Marino's description of his two cases to be inaccurate.  On April 17, 2020, Judge Lanzillo entered an order in the 2019 Action in which he observed that Marino had initiated the 2019 Action with the submission of two separate §2241 petitions in the same envelope, causing the clerk to docket both petitions as one document; Judge Lanzillo therefore granted Marino's motion to assign a separate docket number to the petition that is now the subject of this civil action.  See *Marino v. Warden Trate*, No. 1:19-cv-299 (W.D. Pa.), ECF Nos. 24, 25; *see also id.* at ECF No. 1 (both §2241 petitions initially docketed as a single §2241 petition).  In both the 2019 Action and the instant case, Warden Trate and Magistrate Judge Lanzillo have, at all times, accurately identified and addressed Marino's habeas claims as they were presented in the relevant §2241 petition. Neither petition expressly invoked *Davis* and, to the extent that Marino has attempted to amend his habeas claims through his various other filings, such efforts are unavailing, as Marino never filed a motion to amend his petitions.

On April 8, 2021, United States Magistrate Judge Richard A. Lanzillo issued an R&R recommending that the instant petition be dismissed for lack of jurisdiction.  ECF No. 22.  Judge Lanzillo opined that Marino had neither articulated an appropriate basis for relief under 28 U.S.C. § 2241 nor demonstrated that relief under § 2255 would be "ineffective or inadequate to test the legality of his detention," as set forth in in §2255(e) and discussed in *In re Dorsainvil,* 119 F.3d 245 (3d Cir. 1997), and *Bruce v. Warden Lewisburg USP,* 868 F.3d 170, 178 (3d Cir. 2017).  *Id.*

On April 29, 2021, Marino filed a "Reply in Opposition to the Magistrate Judge's Report and Recommendation," ECF No. 24, which this Court construes as objections.  Therein, Marino chiefly argues that he has presented a viable basis for relief under §2241 in that he is asserting a "*Davis*" claim, which he could not have previously asserted in his prior §2255 motions and, thus, his case satisfies the conditions of §2255(e)'s "savings clause" provision.  The Court finds Marino's jurisdictional argument unpersuasive.

A motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 is the usual means by which federal prisoners can challenge the legality of their confinement. *See Okereke v. United States*, 307 F.3d 117, 120 (3d Cir. 2002); *United States v. McKeithan*, 437 F. App'x 148, 150 (3d Cir. 2011); *United States v. Walker*, 980 F. Supp. 144, 145–46 (E.D. Pa. 1997) (challenges to a sentence as imposed should be brought under § 2255, while challenges to the manner in which a sentence is executed should be brought under § 2241).  Section 2255, however, contains a safety valve when "it appears that the remedy by motion is inadequate or ineffective to test the legality of [Petitioner's] detention." *See* 28 U.S.C. § 2255(e).

In <u>*Dorsainvil*</u>, the Third Circuit held that the remedy provided by § 2255 is "inadequate or ineffective," permitting resort to § 2241 (a statute without timeliness or successive petition

limitations), when a prisoner who previously had filed a § 2255 motion on other grounds "had no earlier opportunity to challenge his conviction for a crime that an intervening change in substantive law may negate." *See Dorsainvil*, 119 F.3d at 251.  The parameters of this Court's §2241 jurisdiction are narrow, however.   Our Circuit permits access to § 2241 when two conditions are satisfied:  First, a prisoner must assert a "claim of 'actual innocence' on the theory that 'he is being detained for conduct that has subsequently been rendered non-criminal by an intervening Supreme Court decision' and our own precedent construing an intervening Supreme Court decision"—in other words, when there is a change in statutory caselaw that applies retroactively in cases on collateral review. *Tyler*, 732 F.3d at 246 (quoting *Dorsainvil*, 119 F.3d at 252). And second, the prisoner must be "otherwise barred from challenging the legality of the conviction under § 2255."  *Id*.  Stated differently, the prisoner must have "had no earlier opportunity to challenge his conviction for a crime that an intervening change in substantive law may negate." *Dorsainvil*, 119 F.3d at 251.  *See also Bruce,* 868 F.3d at 180.

Here, the claims in Marino's §2241 petition do not satisfy the two requirements mentioned above.  First, notwithstanding Marino's invocation of *Davis* in his objections, the actual claims in his §2241 do not mention, or depend upon, the Supreme Court's decision in *Davis*.  Moreover, they do not involve allegations of "actual innocence" based upon a change in statutory case law that applies retroactively in cases on collateral review; rather, Marino's allegation in his §2241 petition is that the dismissal of certain charges precluded the jury's guilty verdict on Counts One and Two.  Accordingly, Marino's §2241 petition, as pled, does not bring his claims within the savings clause of §2255(e).  The Court must therefore dismiss Marino's petition as it does not present a colorable basis for relief under §2241.

4

Alternatively, to the extent Marino can plausibly assert a *Davis* claim, such claim does not fall within the "savings clause" exception because Marino has an opportunity to seek judicial review of the legality of his conviction by filing an application to file a second § 2255 motion pursuant to 28 U.S.C. § 2255(h)(2) with the United States Court of Appeals for the First Circuit. *See In re Matthews*, 934 F.3d 296 (3d Cir. 2019) (holding *Davis* to be a new rule of constitutional law retroactive to cases on collateral review and that petitioners may file a second or successive § 2255 motion pursuant to § 2255(h) to challenge such claims); *see also In re Thomas*, 988 F.3d 783 (4th Cir. 2021); *In re Franklin*, 950 F.3d 909 (6th Cir. 2020); *In re Mullins*, 924 F.3d 975 (10th Cir. 2019); *In re Hammond*, 931 F.3d 1032 (11th Cir. 2019).  In sum, because Marino has not demonstrated that a second § 2255 motion would be "inadequate or ineffective to test the legality" of his detention, he cannot raise his claim in this petition, and the Court lacks jurisdiction over it.

Accordingly, after *de novo* review of the petition and documents in the case, together with the Report and Recommendation, the following order is entered:

AND NOW, this 4th day of January 2022, IT IS ORDERED that the within petition for a writ of habeas corpus, ECF No. [7] shall be, and hereby is, DISMISSED for lack of jurisdiction.

IT IS FURTHER ORDERED that the Report and Recommendation of Magistrate Judge Lanzillo, issued on April 8, 2021, ECF No. [22], is hereby adopted as the opinion of this Court.

Finally, IT IS ORDERED that Petitioner's motion for reconsideration of the Report and Recommendation, ECF No. [25] is redundant in light of the Court's *de novo* review of the petition, related documents, R&R and objections already filed.  Therefore, the motion for reconsideration shall be, and hereby is, DENIED.

As there are no further matters pending before the Court relative to the instant petition, the Clerk is directed to mark this case "CLOSED."


SUSAN PARADISE BAXTER
United States District Judge


cm:     Vincent Michael Marino
        14431-038
        Allenwood Medium Federal
        Correctional Institution
        P.O. Box 2000
        White Deer, PA  17887
        (via U.S. Mail)

        Karen Gal-Or, AUSA (via CM/ECF)

        The Honorable Richard A. Lanzillo (via CM/ECF)